IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD DIRTING**,

      Petitioner,

  v.                                                                                                 Civil action no. 3:09cv82
                                                                                            Criminal action no. 3:08cr49
                                                                                            (Judge Bailey)

**UNITED STATES OF AMERICA,**

      Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. Introduction**

On August 17, 2009, the *pro se* petitioner wrote a letter to the District Judge, requesting that his sentence be modified. The letter was referred to the Magistrate Judge, and was originally docketed on December 28, 2009 as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Magistrate Judge also entered an Order directing the Clerk to send the appropriate § 2255 forms to the petitioner, and instructing the petitioner to complete and return the forms within twenty-one days. (Dkt.# 112) On January 19, 2010, the petitioner filed his form motion under § 2255 (Dkt.# 116) and the August 17, 2009 letter was then re-docketed and construed as a request to file a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt.# 111).

The Government was directed to respond on January 20, 2010. (Dkt.# 118). On January 25, 2010, the Government filed a Motion for Reconsideration of the Court's Order Filed on January 20, 2010 and for Summary Dismissal of Defendant's Motion Filed Under Title 28, U.S.C. § 2255.

(Dkt.# 119). On January 21, 2010, a Roseboro notice was sent to the petitioner, advising him that his failure to respond within thirty days might result in the entry of an order of dismissal against him. (Dkt.# 121). An Order was entered, holding in abeyance the January 20, 2010 Order directing the Government to respond, pending the petitioner's response to the Roseboro notice. (Dkt.# 122). Petitioner never filed a response to the Roseboro notice.

## II. Facts

### A. Conviction and Sentence

On August 12, 2008, petitioner signed a plea agreement in which he agreed to plea guilty to one of six counts in an eleven-count indictment: Count 1, distribution of approximately 3.56 grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) and Title 18, U.S.C. § 2. In the agreement, petitioner also waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)1(A)(ii) of the Federal Rules of Appellate Procedure.

(Dkt.# 79 at 4).

On December 8, 2008, petitioner, then aged 54 and with fourteen years of education at the

vocational level, entered his plea in open court. (Plea Hearing Transcript at 2). The Court requested that defense counsel summarize the results of the psychological mental competency exam recently completed on petitioner. Defense counsel reported that Dr. Fred Krieg was of the opinion that petitioner's Axis I diagnoses were polysubstance dependance and malingering and his Axis II diagnoses were traumatic brain injury, seizures and Hepatitis C. Further, counsel reported, Dr. Krieg opined that petitioner was completely competent: able to understand the difference between right and wrong; to participate in court proceedings; enter a plea or stand trial; and able to give details with a great deal of accuracy when he chose to, but that he exhibited "an absence of memory when he feels that would be to his advantage." (Id. at 3). The Court acknowledged the psychological exam findings that petitioner was competent to enter a guilty plea. (Id. at 3-4).

During the plea hearing, the Assistant U.S. Attorney (AUSA) summarized or read aloud in open court each paragraph of the plea agreement, including the paragraph 10 *supra.* The Court then asked petitioner whether he and his counsel had reviewed the plea agreement in detail before he signed it, and petitioner stated that they had. (Id. at 15). The Court specifically asked petitioner if he understood the waiver of his appellate rights and whether he understood that he was waiving his post-conviction relief rights and petitioner said that he did. (Id. at 14-15). The Court then asked petitioner's counsel if he felt that his client understood the importance of the waiver of his appellate and habeas rights and counsel said that he believed petitioner did. (Id. at 15). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 15 and 20 - 21). During the plea hearing, in lieu of the live testimony of a Government witness, who was unable to be present on short notice, the AUSA summarized the evidence that the witness would have presented at trial, to establish a factual basis for the plea. (Id. at 22 - 23). The petitioner did not contest the

factual basis of the plea.

After the Government presented the factual basis of the plea, petitioner advised the Court that he was guilty of Count 1 of the indictment. (Id. at 24). Petitioner stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. Petitioner further stated that he was doing so because "I feel I did wrong." (Id.). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.). Petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 25). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id.).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt (Id.). Petitioner did not object to the Court's finding.

On February 24, 2009, a sentencing hearing was held in which petitioner was sentenced to 27 months imprisonment for Count 1, with credit for time served from January 21, 2009. (Sentencing Transcript at 11 - 12). Petitioner was found to have a total offense level of 19 and a criminal history of 1; the applicable sentencing guideline range was determined to be 30 - 37 months. (Id. at 3). Petitioner's counsel argued vigorously on his behalf, moving the court for a variant sentence, considering the factors under 18 U.S.C. 3553 in light of petitioner's cooperation and assistance to the Government; his military service, including combat experience in Viet Nam, where he was wounded and received both the Purple Heart and a Presidential Citation; his extensive medical problems and his struggles with addiction. (Id. at 4 - 7). Defense counsel argued against

4

a variant sentence but did recommend a sentence at the lower end of the Guideline. (Id. at 7 - 11). Further, at the conclusion of the hearing, petitioner did not accept the offer by the Court to have the Clerk file an immediate notice of appeal on his behalf. (Id. at 16).

## B. Direct Appeal

Petitioner did not pursue a direct appeal.

## C. Federal Habeas Corpus

### Petitioners' Contentions (Dkt.# 111 and 116)

Petitioner's form § 2255 motion claims that he pled guilty to "all 6 counts" of the indictment. He raises only one ground: that his "24 month term" sentence was enhanced by 3 months "for the sole purpose of completing a 500 hour RDAP program that was required." He requests that the Court grant his motion to eliminate the extra three months of his sentence, since it turned out that the RDAP program was either "not offered and or available" (Dkt. 116 at 5) or there was not enough time in his sentence for him to complete that program, because it required a minimum incarceration time of 36 months (August 17, 2009 Letter to District Judge, Dkt.# 111). Petitioner contends that he did successfully complete two other drug treatment programs instead, and asks for consideration of his request in light of his failing health, noting that he is "coming out of a stroke which had occurred several weeks ago." (August 17, 2009 Letter to District Judge, Dkt.# 111).

### Government's Response (Dkt.# 119)

The Government filed a Motion for Reconsideration of the Court's finding that summary dismissal is not warranted in this case, and its order directing the Government to respond to petitioner's habeas corpus petition and produce the plea and sentencing hearing transcripts..

The Government contends that petitioner's claim he pled guilty to "all 6 counts" of the

indictment is untrue; petitioner pled guilty to Count 1 only. Further, petitioner's claim that he was initially sentenced to 24 months, but that his sentence was "enhanced' by three months is also unsupported by the record. The Government cites to the Court's Statement of Reasons, where the record shows that the sentencing Guideline recommendation was 30 - 37 months, and petitioner received a downward variant sentence of 27 months, *three months below* the lowest end of the Guideline range. The downward variance was given because of petitioner's military service, but the sentence was left high enough to permit him to permit him to benefit from the 500 Hour Residential Substance Abuse Program offered by the Bureau of Prisons.

Petitioner's motion on its face cannot reasonably be considered an appropriate motion under 28 U.S.C. § 2255 because § 2255 reads, in pertinent part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added).

Petitioner is merely requesting that the Court cut his sentence by three months. Petitioner does not claim or even imply that his sentence was imposed in violation of the Constitution or the laws of the United States; that his sentence was in excess of the maximum 20-year sentence allowed by law for this offense; that the Court was without jurisdiction to impose the sentence; or that his sentence is otherwise subject to collateral attack. Petitioner's claim does not raise a constitutional question nor is his claim a nonconstitutional claim that involves a "fundamental defect which inherently results in a complete miscarriage of justice" pursuant to United States v. Mikalajunas, 186 F.3d 4990, 495 - 96 (4th Cir. 1999). Rather, claims such as petitioner's, regarding misapplications of the sentencing guidelines, generally are not cognizable in a § 2255 petition,

because they typically do not involved a miscarriage of justice. Further, nonconstitutional claims that could have been raised on appeal but were not may not be raised in a collateral proceeding under § 2255. Petitioner did not file a direct appeal and thus his claim is procedurally defaulted. Petitioner's motion is merely a request for sentence modification, which he is not entitled to since he does not meet the requirements under Title 18, U.S.C. § 3582 or Fed. R. Crim. Pro. 35.

Finally, Petitioner has made no claim impugning the voluntariness of his plea, effectiveness of his counsel or any other constitutional defect occurring at his plea or sentencing hearing, and the waiver of his right to file his § 2255 petition should be enforced and his petition denied.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed with prejudice from the docket because petitioner knowingly, intelligently and voluntarily waived the right to collaterally attack his conviction and sentence, and his claim does not fall within the three exceptions to that waiver, recognized by the Court.

### III. Analysis

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

7

**B.      Waiver**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers

of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

The 4th Circuit Court of Appeals unpublished decision United States v. Morris, 247 Fed. Appx. 459; 2007 U.S. App. LEXIS 21976 (4th Cir. 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record establishes that defendant made a knowing and voluntary waiver of rights. Similarly here, the district court conducted a Rule 11 colloquy and the petitioner acknowledged that he understood that he was waiving his right to appeal any sentence which was within the maximum provided in the statute of conviction, as well as his right to collaterally attack his sentence under the same condition. (Plea Hearing Transcript at 11 - 12 and 14 - 15). He received a variant sentence was 27 months imprisonment, three months *below* the lowest end of the Guideline range. The only reasonable conclusion is that petitioner waived the right to collaterally attack the guilty plea and his sentence.

During this Court's usual colloquy regarding the waiver of post conviction relief, this exchange with petitioner was had:

THE COURT: Also, do you understand that under the terms of the plea agreement in exchange for concessions that the Government has made toward you and for you, that you are waiving the majority of your rights to appeal any sentence in this case, and also . . . waiving the right

9

to file a writ of habeas corpus attacking the legal validity of the guilty plea and sentence? Do you understand that?

  THE DEFENDANT: Yes, sir.

Plea Transcript at 14 - 15.

  Therefore, petitioner has waived his right to bring this claim, and relief should be denied.

## IV. <u>Recommendation</u>

  For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING with prejudice** this case from the docket.

  Further, the undersigned recommends that the Court enter an Order **DENYING** as moot the Government's Motion for Reconsideration of the Court's Order Filed on January 20, 2010 and for Summary Dismissal of Defendant's Motion Filed Under Title 28, U.S.C. § 2255 (Dkt.# 119).

  Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

  The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: June 2, 2010

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE